UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

JAN SEGAL,
an individual,

    Plaintiff,

vs.

AUTO GAS, INC.
dba MOBIL
A Florida Corporation,

    Defendant.
_____/

## COMPLAINT

Plaintiffs, JAN SEGAL (hereinafter "Plaintiff"), sues Defendant, AUTO GAS, INC. (hereinafter "Defendant"), and as grounds therefore allege:

### JURISDICTION, PARTIES, AND VENUE

1. This is an action for injunctive relief, a declaration or rights, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, et seq., (the "Americans with Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202.

2. The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 12181, et seq., pursuant to 28 U.S.C. §§ 1331 and 1343.

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under 42 U.S.C. § 12181, et seq.

4. Plaintiff, JAN SEGAL, is an individual over eighteen years of age, residing and domiciled in Broward County, Florida, and is otherwise *sui juris*.

5. At all times material, Defendant, AUTO GAS, INC. was and is a corporation authorized to do business in the State of Florida with agents and/or offices and restaurants in Broward County, Florida.

6. At all times material, Defendant owned, leased, or operated the gas station which is the subject of this action, located at 10 North Federal Highway, Deerfield Beach, Florida, 33441.

7. Venue is properly located in the Southern District of Florida because Defendants' property is located in and do business within Broward County, and because a substantial part of the events or omissions giving rise to this claim occurred in Broward County, Florida.

## FACTUAL ALLEGATIONS

8. Plaintiff JAN SEGAL is an individual with disabilities as defined under the ADA. Plaintiff has cerebral palsy since birth. He is unable to ambulate without the use of a wheelchair, and in addition has diminished use of his upper body functions, most notably his hands. Plaintiff, JAN SEGAL, has visited property in paragraph 6 that form the basis of this lawsuit and plans to return to the property to avail himself of the goods and services offered to the public at the property. The Plaintiff has encountered architectural barriers at the subject property.

9. The barriers to access at Defendant's property have denied or diminished Plaintiff's ability to visit the property and endangered his safety. The barriers to access, which are set forth below, have likewise posed a risk of injury, embarrassment, and discomfort to Plaintiff.

10. Defendant owns, leases, leases to, or operates, a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and

36.104.  Defendant is responsible for complying with the obligations of the ADA. The place of public accommodations that the Defendants own, operate, lease or lease to, is known as AUTO GAS, INC dba Mobil Gas Station located at 10 North Federal Highway, Deerfield Beach, Florida, 33441.

11. JAN SEGAL has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to the described property but not necessarily limited to the allegations in paragraph 13 of this Complaint. Plaintiffs have reasonable grounds to believe that they will continue to be subjected to discrimination in violation of the ADA by the Defendant. JAN SEGAL desires to visit the subject location not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

12. The Defendant has discriminated against Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

13. The Defendant has discriminated, and are continuing to discriminate, against the Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less).  A preliminary inspection of the properties has shown that violations exist. These violations include, but are not limited to:

**Parking**

    A. The accessible parking space is not dispersed and located closest to the accessible entrance, violating Section 4.6.2 of the ADAAG.

**Entrance Access and Path of Travel**

    A.  The curb ramp at the facility has an uneven surface that does not comply with Section 4.7.4 and 4.5 of the ADAAG.

    B.  There are changes in levels of greater than ½ inch, violating Section 4.3.8 and 4.5.2 of the ADAAG.

    C.  The maneuvering clearance at the door to the facility is less than the prescribed minimums, in violation of Sections 4.13.6 of the ADAAG.

**Access to Goods and Services**

    A.  There is a counter at the facility in excess of 36", in violation of Section 7.2(1) of the ADAAG.

    B.  There is insufficient clear floor space to access goods or services at the facility, in violation of several Section of the ADAAG.

**Restrooms**

    A.  The rear grab-bar in the toilet room does not comply with the requirements prescribed in Sections 4.22 and 4.26 of the ADAAG.

    B.  Toilet Flush is not located on the wide side of the toilet area in violation of Section 4.16.5 of the ADAAG.

    C.  The lavatories in the restroom provided do not meet the requirements prescribed in Section 4.19 of the ADAAG.

    D.  The mirrors provided for public use in the restroom are in violation of the requirements in Section 4.19.6 of the ADAAG.

    E.  There are dispensers provided for public use in the restroom, with controls outside the ranges prescribed in Section 4.27 of the ADAAG.

    F. The clear floor space provided in the restroom violates the provisions of Sections 4.2.1, 4.18.3 and 4.22 of the ADAAG.

14. The discriminatory violations described in paragraph 13 are not an exclusive list of the Defendant's ADA violations. Plaintiffs require the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The Plaintiff, and has been denied the benefits of, services, programs and activities of the Defendant's buildings and their facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The individual Plaintiff and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiffs require an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

15. Defendant has discriminated against the Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of their place of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

18.     Plaintiff is without adequate remedy at law and are suffering irreparable harm. Plaintiff has retained the undersigned counsel and is entitled to recover attorneys fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

19.     A Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public accommodation that has existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

20.     Notice to Defendants is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiffs or waived by the Defendants.

21.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiffs Injunctive Relief, including an order to alter the Defendant's locations described above and the common exterior areas of the properties to make those facilities readily accessible and useable to the Plaintiffs and all other mobility- impaired persons; or by closing the facility until such time as the Defendants cures their violations of the ADA.

WHEREFORE, the Plaintiff, JAN SEGAL, respectfully request that this Honorable Court issue (i.) a Declaratory Judgment determining Defendant at the commencement of the subject lawsuit are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.; (ii.) Injunctive relief against the Defendants including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (iii.) An award of attorneys fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and (iv.) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

DATED:  February 3, 2011

                Respectfully submitted,

        By:     /s/ Jacob E. Segal
                JACOB SEGAL
                Florida Bar No.:  191371
                THE SEGAL LAW FIRM
                2131 Hollywood Blvd, #208
                Hollywood, Florida, 33019
                Telephone: (954) 920-9910
                Facsimile: (954) 920-1290
                E-Mail: jsegal@thesegalfirm.com